UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREE NOW FOUNDATION, et al., | No. 2:24-cv-03523-DJC-SCR |
| Plaintiffs, | |
| v. | ORDER |
| TOMAS ARAGON, et al., | |
| Defendants. | |

Plaintiffs have filed a Motion for Temporary Restraining Order and Preliminary Injunction requesting that this Court enjoin Defendant Courtney Johnson from excluding Plaintiff Minor Child #1 from attending classes at Foothill Technology High School. For the reasons stated below, Plaintiffs' Motion for Temporary Restraining Order is Denied. The Court also orders the Plaintiffs to file a renewed motion for preliminary injunction or show cause why Plaintiffs' Motion for Preliminary Injunction should not be denied on the same basis.

**I.   Legal Standard for Temporary Restraining Order**

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). In determining whether to issue a temporary restraining order, courts apply the factors that guide the

1 | evaluation of a request for preliminary injunctive relief: (1) likelihood of success on the
2 | merits; (2) irreparable harm in the absence of preliminary relief (3) the balance of
3 | equities and (4) the public interest. *See Winter v. Natural Res. Def. Council, Inc.,* 555
4 | U.S. 7, 20 (2008); *see Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832,
5 | 839 n.7 (9th Cir. 2001) (explaining that the analysis for temporary restraining orders
6 | and preliminary injunctions is "substantially identical").

## II.     Analysis

Plaintiffs' Motion for Temporary Restraining Order must be denied as it does not address whether Plaintiff Minor Child #1 faces irreparable harm in the absence of a temporary restraining order and thus the Motion fails to establish this necessary element under the *Winter* analysis. (*See* Mot. (ECF No. 18-1).) Plaintiffs' Motion first addresses whether there are "serious questions going to the merits". (*Id.* at 12–19.) Plaintiffs then briefly address the "balance of the hardships" which Plaintiffs believe tips in their favor. (*Id.* at 19.) Finally, Plaintiffs then turn to their final section entitled "The Other Two *Winters* [sic] Factors Are Satisfied[.]" (*Id.*) In this section, Plaintiffs state the final two factors are satisfied because "the balance of equities" tips in Plaintiff Minor Child #1's favor and because a temporary restraining order would be in the public interest. (*Id.*) In sum, Plaintiffs' motion addresses four factors: (1) serious questions going to the merits, (2) the balance of hardships, (3) the balance of equities, and (4) the public interest.

Plaintiffs' Counsel appears to have misunderstood the sliding scale approach and, as a result, failed to fully address the *Winter* factors. The sliding scale approach sometimes utilized in the Ninth Circuit permits a lesser showing of one of the *Winter* factors if there is a weaker showing of another. *All. For the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Most commonly, this is used to reduce the "likelihood of success on the merits" factor to whether there are "serious questions going to the merits" where the balance of hardships tips in favor of the plaintiff. *See id.* at 1131–32.

Even if the sliding scale approach applies, the Court is skeptical that there are serious questions going to the merits. *See e.g., Whitlow v. California*, 203 F. Supp. 3d 1079 (S.D. Cal. 2006). However, the Court need not reach this issue here as Plaintiffs have not addressed the irreparable harm factor. The sliding scale approach does not, as Plaintiffs seem to believe, remove the "irreparable harm" requirement of *Winter* and replace it with a "balance of the equities" test that is duplicative of the "balance of the hardship" test.

Plaintiffs' failure to establish that Plaintiff Minor Child #1 will suffer irreparable harm is fatal to their Motion. Plaintiffs are required to "make a showing on all four prongs" of the *Winter* test to obtain preliminary injunctive relief. *All. For the Wild Rockies*, 632 F.3d at 1131; *see Koller v. Brown*, 224 F. Supp. 3d 871, 879 (N.D. Cal. 2016) ("An adequate showing of irreparable harm is the single most important prerequisite for the issuance of a [temporary restraining order]." (internal citations and quotation marks removed).) The complete failure to address one of these prongs mandates the denial of Plaintiffs' Motion.

### III.  Conclusion

For the reasons stated above, IT IS HEREBY ORDERED that Plaintiffs' Motion for Temporary Restraining Order (ECF No. 18) is DENIED. Additionally, within fourteen days of this order, Plaintiffs may file a renewed Motion for Preliminary Injunction. Otherwise, Plaintiffs are ORDERED TO SHOW CAUSE why Plaintiffs' Motion for Preliminary Injunction (ECF No. 18) should not also be denied on this same basis.

IT IS SO ORDERED.

Dated:  **March 26, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

3