1  ROB BONTA, State Bar No. 202668
   Attorney General of California
2  JENNIFER G. PERKELL, State Bar No. 203205
   Supervising Deputy Attorney General
3  JACQUELYN YOUNG, State Bar No. 306094
   KATHERINE GRAINGER, State Bar No. 333901
4  Deputy Attorneys General
     455 Golden Gate Avenue, Suite 11000
5    San Francisco, CA  94102-7004
     Telephone: (415) 510-3553
6    E-mail:  Jacquelyn.Young@doj.ca.gov
     E-mail:  Katherine.Grainger@doj.ca.gov
7  *Attorneys for Defendant Erica Pan, in her official
   capacity as the Director of the California
8  Department of Public Health*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FREE NOW FOUNDATION, BRAVE AND FREE SANTA CRUZ, D.Q., by his Next Friend, Alix Mayer, A.R., by his Next Friend, Alix Mayer, T.E., by his Next Friend, Kathleen Lynch, and N.D., by his Next Friend, Kathleen Lynch** | 2:24-cv-03523-DJC-SCR |
| Plaintiffs, | **DEFENDANT CDPH'S OBJECTION TO PLAINTIFFS' NOTICE OF RECENT DECISION** |
| v. | Courtroom: 7<br>Judge: The Hon. Daniel J. Calabretta<br>Trial Date: Not Yet Set<br>Action Filed: December 16, 2024 |
| **ERICA PAN, in her Official Capacity as the Director of the California Department of Public Health,** | |
| Defendant. | |

1

Defendant Dr. Erica Pan, in her official capacity as the Director of the California Department of Public Health, hereby submits this objection to the Notice of Recent Decision filed by Plaintiffs. ECF No. 49.

On June 27, 2025, Plaintiffs filed a Notice of Recent Decision in support of their Motion for Preliminary Injunction to alert the court of the U.S. Supreme Court's decision in *Mahmoud v. Taylor*, --- U.S.--- (2025). ECF No. 49. Pursuant to Local Rule 230, subdivision (m), "[a]fter a reply is filed, no additional memoranda, papers, or other materials may be filed without prior Court approval." Although a party may file "a notice of supplemental authority to bring the Court's attention to a relevant judicial opinion issued after the date that party's reply was filed[,]" the notice may only contain a "citation to the new authority" and cannot contain "additional argument on the motion." L.R. 230, subd. (m)(2).

Plaintiffs' Notice of Recent Decision improperly includes additional argument and goes beyond simply citing to a new authority. Pages 2 through 3 contain various holdings and excerpts from the *Mahmoud v. Taylor* opinion, which Plaintiffs argue "are relevant to this case." ECF No. 49 at 2. Pages 3 through 4 contain further argument for supposed conclusions that were not even mentioned or contemplated by the Supreme Court in the *Mahmoud* decision. Anything apart from the citation of supplemental authority should be stricken.

Further, Plaintiffs mischaracterize the case to falsely suggest it is actually applicable here. In *Mahmoud v. Taylor*, the Supreme Court analyzed whether the parent plaintiffs are entitled to a preliminary injunction where a school board introduces "LGBTQ+-inclusive" reading into its school curriculum, such instruction interferes with some parents' religious beliefs, and the school board does not allow those parents to opt out of such instruction for their children. *Mahmoud*, 2025 WL 1773627, at *5.

Here, none of Plaintiffs' claims concern the First Amendment's Free Exercise Clause or any purported religious rights. See ECF No. 39 (Second Amended Complaint). Similarly, the *Mahmoud* opinion contains no mention of school immunization, public health and safety, or substantive due process rights. Yet, Plaintiffs argue that "harms to the child's religious beliefs over the parents' objections" should be regarded the same as "the infliction of physical harms on

2

Defendant CDPH's Objection to Plaintiffs' Notice of Recent Decision (2:24-cv-03523-DJC-SCR)

those children over the objection of their parents," and that the *Mahmoud* decision "foretells that the Court would likely find *Jacobson v. Massachusetts* to be not applicable" to Plaintiffs' claims. ECF No. 49 at 3-4. Plaintiffs further argue, without any factual or legal authority, that "Congress has determined that California's mandated immunizations" "imperil the child's health and very life." *Id*. at 3.

Plaintiffs have not sought leave from the court to file a sur-reply. Plaintiffs' Notice of Recent Decision fails to comply with Local Rule 230, subdivision (m)(2), and improperly includes additional argument in support of their Motion for Preliminary Injunction. Defendant respectfully requests that the court strike Plaintiffs' Notice of Recent Decision.

Dated: July 2, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
JENNIFER G. PERKELL
Supervising Deputy Attorney General


*/s/ Jacquelyn Young*

JACQUELYN YOUNG
KATHERINE J. GRAINGER
Deputy Attorney General
*Attorneys for CDPH Director Erica Pan*

SF2024804250

# CERTIFICATE OF SERVICE

Case Name:  <u>**Free Now, et al. v. Aragon, et al.**</u>   Case No.:  <u>**2:24-cv-03523-DJC-SCR**</u>

I hereby certify that on <u>July 2, 2025</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT CDPH'S OBJECTION TO PLAINTIFFS' NOTICE OF RECENT DECISION**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 2, 2025</u>, at Los Angeles, California.

|  |  |
|---|---|
| Kevin Carballo | *Kevin Carballo* |
| Declarant | Signature |

SF2024804250
67757318.docx