UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREE NOW FOUNDATION, et al., | No. 2:24-cv-03523-DJC-SCR |
| Plaintiffs, | |
| v. | <u>ORDER</u> |
| TOMAS ARAGON, et al., | |
| Defendants. | |

This action concerns California Health and Safety Code section 120335, which requires the immunizations of children attending schools and day care centers. Defendant has moved to dismiss this action. (ECF No. 51.) For the reasons stated below, Defendant's Motion is granted, and the Second Amended Complaint is dismissed without leave to amend.

**BACKGROUND**

Plaintiffs are two Organizational Plaintiffs, Free Now Foundation along with Brave and Free Now Santa Cruz; four Minor Plaintiffs, D.Q., A.R., T.E., and N.D; and two "next friends," Alix Mayer and Kathleen Lynch. (SAC (ECF No. 39) ¶¶ 49–83.) Together, they have sued Erica Pan in her official capacity as Director of the California Department of Public Health. (*Id.* ¶¶ 102–106.) Plaintiffs assert violations of their

substantive due process rights, the unconstitutional conditions doctrine, and their procedural due process rights based on the enforcement of California Health and Safety Code section 120335.  Section 120335(b) prevents the governing authority of public or private elementary schools, child day care centers, day nurseries, nursery schools, family day care homes, and development centers in California from admitting individuals as pupils without being "fully immunized" for a list of diseases, including measles and polio.  The department is designated to "specify the immunizing agents that may be utilized and the manner in which immunizations are administered."  Cal. Health & Safety Code section 120335(e).  Plaintiffs seek an order enjoining Defendant from enforcing subsection (b) of 120335 against the minor Plaintiffs and all other children.  (SAC ¶ 1.)

Defendant has moved to dismiss this action, and briefing of that Motion is complete.  (Mot. (ECF No 51); Opp'n (ECF No. 53); Reply (ECF No. 54).)  The Court later ordered supplemental briefing in connection with the Ninth Circuit's 2025 decision in *Health Freedom Defense Fund v. Carvalho*.  (Pls' Suppl. (ECF No. 59); Def.'s Suppl. (ECF No. 60).)  Separately, Plaintiffs filed a second motion for preliminary injunction.  (ECF No. 41.)  These matters were taken under submission without oral argument pursuant to Local Rule 230(g).  (*See* ECF No. 55.)

## LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  The motion may be granted only if the complaint lacks a "cognizable legal theory or sufficient facts to support a cognizable legal theory."  *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  While the court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party," *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019), if the complaint's allegations do not "plausibly give rise to an entitlement to relief" the motion must be granted, *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This evaluation of plausibility is a context-specific task drawing on "judicial experience and common sense." *Id*. at 679.

## DISCUSSION

### I. Standing

Regarding standing, Defendant asserts that (1) the two next friends have failed to establish next friend standing to bring this action on the behalf of the four Minor Plaintiffs, (2) Minor Plaintiff's A.R. and N.D. lack standing, (3) the Individual Plaintiffs lack standing as for their procedural due process claim, and (3) the two Organization Plaintiffs lack associational standing.

#### A. Next Friend Standing

In order to bring a claim without a representative, a minor must be represented by a next friend or guardian ad litem. Fed. R. Civ. P. 17(c). The next friend bears the burden "to establish the propriety of his status and thereby justify the jurisdiction of the court." *Whitmore v. Arkansas*, 495 U.S. 149, 164 (1990). To meet this burden, the next friend must (1) "provide an adequate explanation . . . why the real party in interest cannot appear on his own behalf to prosecute the action[,]" (2) establish they are "truly dedicated to the best interests of the person on whose behalf he seeks to litigate," and (3) "have some significant relationship with the real party in interest." *Id*. at 163–64. The Second Amended Complaint ("SAC") does not contain adequate allegations to satisfy these requirements as to either of the next friends. The SAC states only that

the two next friends, Alix Mayer and Kathleen Lynch, had been asked to serve as next friends of the Minor Plaintiffs by those individuals' parents and agreed to do so.  (SAC ¶¶ 63, 69, 75, 83.)  These statements do not satisfy any of the three requirements for next friend standing.

While Plaintiffs oppose Defendant's Motion to Dismiss the SAC on these grounds, they do not present any meaningful argument that the SAC satisfies these requirements or that they can otherwise meet this threshold.  Instead, Plaintiffs simply state that the next friends are representing the Minor Plaintiffs "at the specific request of their parents[,]" and that the parents maintain "authority to terminate or replace those next friends as they wish." (Opp'n at 25.)  These statements do nothing to meet any of the three requirements to establish next friend standing.[1]  As such, Defendant's Motion is granted on this basis.

**B. A.R. and N.D.**

Plaintiffs have also failed to establish that two of the Minor Plaintiffs, A.R. and N.D., have standing to pursue this action.  Plaintiffs concede that these Minor Plaintiffs have not yet been excluded from school. (Opp'n at 26.)  Instead, they rely simply on the fact that these Minor Plaintiffs have a "reasonable fear of exclusion" from participation. (*Id.*)  But all evidence presently before the Court suggests that these Minor Plaintiffs continue to attend school, have not been excluded, and that exclusion is in no way imminent.  Plaintiffs' bare contention that Plaintiffs fear exclusion at some

---

[1] Plaintiffs alternatively suggest that the putative next friends be accepted as guardians ad litem on behalf of the Minor Plaintiffs. (Opp'n at 25–26.)  It's not entirely clear what Plaintiffs believe this distinction would mean legally.  *See AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1053 (E.D. Cal. 2015) ("Traditionally, guardian ad litem and next friend were different offices.  In modern practice, however, the distinction is one of name only." (citations omitted)); *see also Angel v. Marten*, No. 21-cv-07333-ODW, 2021 WL 9721324, at *2 (C.D. Cal. Dec. 29, 2021) ("The terms 'next friend' and 'guardian ad litem' are generally used interchangeably, though technically, '[i]n precise legal parlance, a minor plaintiff sues by a 'next friend,' while a minor defendant defends by a 'guardian ad litem.'" (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1077 n.1 (9th Cir. 1978))).  Regardless of what terminology is used, the considerations of standing are the same.  *See Safouane v. Fleck*, 226 Fed. Appx. 753, 757–58 (9th Cir. 2007).

4

point in the future does not establish A.R. and N.D.'s standing. Accordingly, Plaintiffs A.R. and N.D must be dismissed.

### C. Individual Plaintiffs' Standing for Procedural Due Process Claims

Defendant argues that the Individual Plaintiffs lack standing because the Individual Plaintiffs did not "submit to the challenged policy." (Mot. at 10.) This argument appears to be based on Second Circuit precedent. (*Id.* (quoting *Libertarian Party of Erie Cty. v. Cuomo*, 970 F.3d 106, 121 (2d Cir. 2020) and *Wade v. Univ. of Conn. Bd. of Trustees*, 554 F. Supp. 3d 366, 377 (D. Conn. 2021)). The Ninth Circuit, however, does not appear to have adopted this rule. Rather, for a plaintiff to have standing, "a plaintiff must show that it was accorded a procedural right to protect its interests and that it has concrete interests that are threatened." *Ochoa v. Pub. Consulting Grp., Inc.*, 48 F.4th 1102, 1107 (9th Cir. 2022) (internal citations and quotation marks omitted). This is described as a "less demanding standard" than the typical standing requirement. *Id*. The harm claimed by T.E. and D.Q. – who allege that they have been excluded from school – is not speculative, and Plaintiffs allege that due process accords them a procedural right. At this stage of the proceedings and based on the limited argument on this issue before the Court, the Court finds that the individual plaintiffs have standing to assert a procedural due process claim.

### D. Organization Plaintiffs' Standing

Plaintiffs do not dispute that Organization Plaintiffs, Free Now Foundation and Brave and Free Santa Cruz, have organizational standing to bring this action. (*See* Opp'n at 26–27.) Plaintiffs do contend that they have associational standing based on the fact that one of the listed next friends is a member of Free Now Foundation and the other is a member of Brave and Free Santa Cruz. (*Id.*) However, as discussed above, Plaintiffs have not established next friend standing for the next friends. As such, the Organization Plaintiffs cannot assert associational standing on the basis of their membership in those organizations. It is also not clear that the fact that these individuals were members of the two Organization Plaintiffs is sufficient to confer

associational standing where they themselves were not injured by the defendant's challenged conduct. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992); *see also NetChoice, LLC v. Bonta*, 152 F.4th 1002, 1013–14 (9th Cir. 2025). But the Court need not reach this point; it is sufficient to say that the Organization Plaintiffs cannot assert associational standing based on the next friends' membership, given that they have not established the members have next friend standing to begin with.

While the Court grants the Motion to Dismiss on the basis of lack of standing as to several named Plaintiffs, as there are Plaintiffs remaining who have standing to bring this suit, the Court proceeds with addressing the merits.

## II. Failure to State a Claim

### A. Substantive Due Process

Plaintiffs' first three causes of action are claims alleging violation of Plaintiffs' substantive due process rights. It is well-settled law that the state has the power to provide for compulsory vaccinations. *Zucht v. King*, 260 U.S. 174, 176 (1920) ("[It is] settled that it is within the police power of a state to provide for compulsory vaccination."); *see Jacobson v. Massachusetts*, 197 U.S. 11 (1905). *Jacobson* and *Zucht v. King*, in which the Supreme Court found that the implementation of compulsory vaccinations for entry to schools did not violate due process and equal protection rights, remains valid and binding precedent on this Court. *See Zucht*, 260 U.S. at 176–77; *see also Whitlow v. California*, 203 F. Supp. 3d 1079, 1088–89 (S.D. Cal. 2016) (applying *Zucht* to claims that a school vaccine requirement violated due process and equal protection rights); *We The Patriots USA, Inc. v. Conn. Off. of Early Childhood Dev.*, 76 F.4th 130, 157–59 (2d Cir. 2023) (same).

While the *Zucht* and its predecessor, *Jacobson*, were decided before the "modern tiers of scrutiny" existed, courts have subsequently identified that the standard applied in those decisions is what would today be rational basis review. *Roman Cath. Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 23 (2020) (Gorsuch, J., concurring) ("Although *Jacobson* pre-dated the modern tiers of scrutiny, this Court

6

essentially applied rational basis review . . . ."); *see We The Patriots USA, Inc.*, 76 F.4th at 146; *see also Johnson v. Brown*, 567 F. Supp. 3d 1230, 1249 (D. Or. 2021) (collecting cases that apply rational basis review to vaccine mandates). This aligns with how the applicable standard is identified in modern substantive due process cases; courts apply rational basis review except where a case involves a fundamental right. *See Witt v. Dep't of Air Force*, 527 F.3d 806, 817 (9th Cir. 2008).

This view is confirmed by the Ninth Circuit's recent decision in *Health Freedom Defense Fund, Inc. v. Carvalho*, 148 F.4th 1020 (9th Cir. 2025). There, the Court clearly held that *Jacobson* remained binding and controlling. *Id.* at 1029. The Ninth Circuit further concluded that under *Jacobson* vaccine mandates are subject to rational basis review where they are subjected to substantive due process challenges. *Id.* at 1031. As noted by the Ninth Circuit, this view also aligns with the decisions of several other circuits. *Id.* at 1029 (collecting decisions from other circuits). Given how clearly applicable *Carvalho* is to the present case, Plaintiffs do not attempt to distinguish it. Instead, they argue against the result reached by the Ninth Circuit. (Pls.' Suppl. 4–5.) But regardless of Plaintiffs' disagreement with the result reached in *Carvalho*, that result remains binding authority on this Court. While Plaintiffs also argue that the Supreme Court might grant certiorari to review that decision, it has not yet done so, and the Supreme Court's decisions in *Jacobson* and *Zucht* still bind this Court.

In their Opposition, Plaintiffs also argue that strict scrutiny is warranted because section 120335 infringes on parents' fundamental rights to direct the education of their child, refuse medical treatment, and make medical decisions on behalf of their child. Relying on the foundation laid by cases such as *Zucht* and *Jacobson*, courts across the country have repeatedly rejected arguments such as these and found that vaccination requirements for school children do not infringe on a fundamental right. *See, e.g.*, *Masseth v. Jones*, No. 21-cv-14080JGB-SPx, 2021 WL 6752317, at *8–10 (C.D. Cal. Nov. 9, 2021) (collecting cases finding that there is no fundamental right to refuse vaccinations based on a right to bodily integrity or a parental right to make

medical or educational choices for a child); *see also Boone v. Boozman*, 217 F. Supp. 2d 938, 957 (E.D. Ark. 2002) (rejecting the right to education is not a fundamental right in the context of compulsory immunization); *We The Patriots USA, Inc.*, 76 F.4th at 156; *Doe v. Zucker*, 520 F. Supp. 3d 217, 252 (N.D.N.Y. 2021).  Plaintiffs do not identify a single case in which a fundamental right was found to exist under similar circumstances.  (Mot. at 22–27.)  The Court follows the substantial existing authority from other courts and finds that Plaintiffs do not have a fundamental right to enroll minor children in schools without vaccinations required by state law, and rational basis is the appropriate standard of review as to Plaintiff's substantive due process claim.

"Rational basis review is highly deferential to the government, allowing any conceivable rational basis to suffice."  *Carvalho*, 148 F.4th at 1029.  Here it is "more than reasonable" that the state has determined that the vaccination requirement imposed by section 120335 "would protect the health and safety of its employees and students." *Id.*; *see Curtis v. Inslee*, 154 F.4th 678, 691–92 (9th Cir. 2025).  Under rational basis review, courts, including the Supreme Court in *Zucht*, have repeatedly found that a vaccine mandate for school children does not violate due process rights. Several district courts in California have even specifically found that section 120335 does not violate the due process rights of students and their parents. *See Whitlow v. California*, 203 F. Supp. 3d 1079, 1089 (S.D. Cal. 2016); *Middleton v. Pan*, No. 16-cv-05224-SVW-AGR, 2016 WL 11518596 at *7 (C.D. Cal. Dec. 15, 2016) *report and recommendations adopted by* 2017 WL 10543984 (C.D. Cal. July 13, 2017); *Torrey-Love v. State of Cal. Dep't of Educ.*, No. 16-cv-02410-DMG-DTBx, 2017 WL 11636240, at *3–5 (C.D. Cal. Jan. 12, 2017).  The Court agrees with the assessment of these other courts that the vaccination requirement in section 12335 satisfies rational basis review. As identified by these courts, section 12335 was enacted to protect public health and safety, and is rationally related to that interest.  *See Torrey-Love*, 2017 WL 11636240, at *4 ("[T]he Court grants Defendants' motion to dismiss because Section 120325 *et seq.* was enacted to protect public health and safety and satisfies the rational basis

1  review standard.")  See also Torrey-Love, 2017 WL 11636240, at *4; Zucht, 260 U.S. at
2  176.
3      Accordingly, Plaintiffs have failed to state a substantive due process claim
4  against Defendant.  Defendant's Motion is granted as to the first three causes of
5  action.

### B.  Unconstitutional Conditions Doctrine

Plaintiffs' Fourth Cause of Action also fails to state a claim based on a violation of the unconstitutional conditions doctrine.  An unconstitutional conditions claim must be predicated on an enumerated right, "as the unconstitutional conditions doctrine[] vindicates the Constitution's enumerated rights by preventing the government from coercing people into giving them up."  *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 604 (2013).  As discussed, Plaintiffs have not established a violation of any fundamental right.  Thus, Plaintiffs have not shown that they have a likelihood of success on their unconstitutional conditions claim.  *See Brock v. City of Bellingham*, No. 2:24-cv-00850, 2025 WL 254725, at *14 (W.D. Wash. Jan 21, 2025); *see also Curtis v. Inslee*, No. 3:23-cv-05741-RJB, 2024 WL 810503, at *7 (W.D. Wash. Feb. 27, 2024) *aff'd*, 154 F.4th 678 (9th Cir. 2025).

### C.  Procedural Due Process

Finally, Plaintiffs' procedural due process claim fails on similar grounds to the prior claims.  "To obtain relief on a procedural due process claim, the plaintiff must establish the existence of (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process."  *Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008) (cleaned up).  Plaintiffs have not established that they have a constitutionally protected liberty interest of which they have been deprived.  The SAC identifies an interest in ". . . pursu[ing] education in the public or private schools in California (the *Meyer-Pierce* right) . . . ."  (SAC ¶ 296.)  However, the Ninth Circuit has clearly instructed that the right established by *Meyer–Pierce* is a limited right "to be free from state interference

with their choice of the educational forum itself . . . ." *Fields v. Palmdale Sch. Dist.*, 427 F.3d 1197, 1207 (9th Cir. 2005). *Meyer-Pierce* does not recognize a fundamental right to interfere with a public school's operations. *See McNeil v. Sherwood Sch. Dist. 88J*, 918 F.3d 700, 711 (9th Cir. 2019). It certainly does not recognize a constitutionally protected liberty or property interest in attending a school without a statutorily required vaccination. *See Boone*, 217 F. Supp. 2d at 955. Thus, Plaintiffs' claims do not implicate a protected interest and, to the extent Plaintiffs have identified a protected interest under *Meyer-Pierce*, it is not an interest that is deprived by enforcement of a school vaccination requirement. As such, Plaintiffs have failed to state a procedural due process claim. Defendant's Motion is granted as to Plaintiff's Fifth Cause of Action.

As the Court finds that dismissal is appropriate as to all of Plaintiffs' Causes of Action, the Second Amended Complaint is dismissed in its entirety. The Court finds that leave to amend would be futile as it appears clear that Plaintiffs will be unable to state a claim for relief with further leave to amend.

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendant's Motion to Dismiss (ECF No. 51) is GRANTED, and the Second Amended Complaint (ECF No. 39) is dismissed without leave to amend;
2. Plaintiff's Motion for Preliminary Injunction is DENIED AS MOOT[2]; and
3. The Clerk of the Court is directed to close this action.

Dated: February 4, 2026

THE HONORABLE DANIEL J. CALABRETTA
UNITED STATES DISTRICT JUDGE

---

[2] Given the Court's decision to grant Defendant's Motion and dismiss the SAC without leave to amend, Plaintiff necessarily cannot show a likelihood of success on the merits.